[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed a complaint against the defendant, MSP Construction Company, Inc., aka. the Hayes Construction Company, alleging that she suffered injuries after tripping on a sidewalk constructed by the defendant. The first complaint, by its own terms, is pursuant to C.G.S. § 52-572m, and alleges that the sidewalk was a defective product. The defendant seeks summary judgment and argues that a sidewalk is not a product under the product liability act.[1]
Although C.G.S. § 52-572m defines "manufacturer" and "product seller", neither the statute nor the appellate court have yet defined the word "product" for the purposes of the products liability statute. The Model Uniform Products Liability Act, proposed by the U.S. Dept. of Commerce, 44 Fed. Reg. 62, 714 et seq., (October 31, 1979), parts of which were enacted virtually verbatim in the Public Act codified as52-572m, does define a product as an "object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce. . . ." CT Page 4864-bz (Citations omitted.) Dumitrie v. Fernap, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No, 288824 (April 25, 1994, Pittman, J.). Using this model definition for guidance, the Dumitrie
court held that the construction and installation of a sidewalk was the performance of a service, not the manufacture or sale of a product, and therefore, outside of the scope of product liability.
At least one other court has reached a similar conclusion. In Hines v.JMJ Construction Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 506239 (January 11, 1993, Miano, J.), the court granted the defendant's motion to strike where the plaintiff failed to allege that the sidewalk was placed into the stream of commerce. In granting the motion to strike, the court further reasoned that the remainder of the complaint, though couched in product liability terms, alleged that the defendant was a service provider and not a product manufacturer or seller.
This court is persuaded by the sound logic and reasoning of the cases cited above and agrees that the construction and installation of a sidewalk is a service and not a product placed into the stream of commerce. The plaintiff, however, argues that the present case differs from previous cases in that there is a genuine issue of material fact as to the method by which the sidewalk was constructed. Specifically, the plaintiff argues that there is some evidence to suggest that the sidewalk was prefabricated and merely put in place by the defendant. As such, the plaintiff argues that there is a further question of fact as to whether the sidewalk was, indeed, within the stream of commerce, and thus possibly a product.
The court is not persuaded by the plaintiff's argument. An affidavit from the vice-president of the defendant corporation shows that sidewalks were typically constructed on site, by pouring concrete into wooden frames, and not manufactured elsewhere and then shipped to the site. While the plaintiff points out that the vice-president cannot specifically recall the site in question, the vice-president's affidavit attests to the fact that the pouring method was the only sidewalk construction method used by the defendant. Therefore, the defendant was a service provider and not a manufacturer or seller of a product.
The defendant's motion for summary judgment, accordingly, is granted.
NADEAU, J.